UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-20827-Civ-MORENO
        (12-20716-Cr-MORENO)
MAGISTRATE JUDGE P. A. WHITE

HORACE COOK,[1]                      :

        Movant,                      :

v.                                   :          REPORT OF
                                             MAGISTRATE JUDGE
UNITED STATES OF AMERICA,   :

        Respondent.                  :

_____

## I.   Introduction

This matter is before this Court on the movant's motion to vacate pursuant to 28 U.S.C. §2255, attacking the constitutionality of his conviction and sentence for Hobbs Act Robbery, entered following a guilty plea in case no. 12-Cr-20716-Moreno.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Cases in the United States District Courts.

The Court has reviewed the motion (Cv-DE#1), the government's response (Cv-DE#19), movant's reply thereto (Cv-DE#23), the Presentence Investigation Report ("PSI"), the Court's Statement of

---

[1]Movant is currently serving his state robbery sentence, presumably because he was arrested for that offense prior to the federal charges. Notwithstanding, the government concedes this Court has jurisdiction to address the instant motion because a Section 2255 motion is available to a prisoner in state custody attacking a consecutive federal sentence that is to be served in the future. (Cv-DE#19:2); citing Simmons v. United States, 437 F.2d 156, 158-59 (5th Cir. 1971).

Reasons ("SOR"), and all pertinent portions of the underlying criminal file.

This Court, recognizing that the movant is <u>pro se</u>, afforded him liberal construction pursuant to <u>Haines v. Kerner</u>, 404 U.S. 419 (1972). The movant raises the following grounds for relief:

> 1. He was denied effective assistance of counsel when his attorney provided him false information to induce movant to plead guilty. (Cv-DE#1:3).

> 2. During his first appearance before a United States Magistrate Judge, movant was wrongfully informed that his pending state charges had been dismissed. (Cv-DE#1:4).

> 3. He has suffered a violation of the Double Jeopardy Clause of the United States Constitution. (Cv-DE#1:5).

On October 14, 2014, movant filed a reply to the government's response to his Section 2255 motion. (Cv-DE#23). Therein, movant appears to raise the following claim for the first time:

> 4. The PSI wrongfully assessed him two additional levels pursuant to U.S.S.G. §2B3.1(b)(2)(F) as a threat of death was never made in conjunction with the robbery. (Cv-DE#23:11,13).

II.   <u>Factual Background and Procedural History</u>

A. <u>Facts of the Offenses</u>

Briefly, the facts as set forth by the government during the change of plea proceedings, which movant acknowledged as true, reveal as follows:

> If this matter were to proceed to trial, the Government would prove the stated facts beyond a reasonable doubt: The parties agree that the stated facts, which do not

2

include all facts known to the Government, and the defendant, Horace Cook, are sufficient to prove guilty for Count 4; that is, on or about August 17, 2012 in Miami-Dade County in the Southern District of Florida, the defendant violated Title 18, United States Code Section 1951.

More specifically, on August 14, 2012, the defendant entered a Laundromat located at 10396 Northwest 7th Avenue in Miami, Florida. Upon entering the Laundromat, the defendant approached the front counter where two employees were standing. As the defendant approached, both employees saw the defendant concealing one of his hands under his shorts.

The defendant demanded that employee one open the register and give the defendant the money while making gestures with his concealed hand. Employee two eventually opened the register and gave the defendant all the money. The defendant then turned and walked out of the business.

On August 15, 2012, the defendant entered the same Laundromat located at 10396 Northwest 7th Avenue in Miami, Florida, and the same two employees were working behind the counter.

Recognizing the defendant from the previous day's robbery, employee one alerted employee two of the defendant's reappearance. At this point, the defendant demanded the money from the register, again concealing his hand under his shorts, and the defendant stole approximately $200.

On August 16, 2012, the defendant went back to the Laundromat located at 10396 Northwest 7th Avenue in Miami, Florida. However, this time there was a different employee working. The defendant approached with his hand concealed and demanded the money from the cash register. The employee opened the register and gave the defendant the cash from the register.

On August 17, 2012, the defendant entered Forever Young Clothing Boutique located at 10645 Northwest 7th Avenue in Miami, Florida. The defendant was again concealing his hand under his shirt. Upon entering the boutique, the defendant headed to the employee behind the register and demanded the money in the register. As the employee was attempting to comply with the demand and remove - - excuse me. I'm sorry, Your Honor. As the employee was

3

attempting to comply with the demand and remove the money from the register, the defendant reached underneath the counter with his free hand and removed the employee's purse valued at approximately $3,000 and contained $600 in cash. The defendant then fled.

All of the victims were shown a six pack of photographs, one of which contained the picture of the defendant. Each of the four victims positively identified the defendant as the assailant from each of the robberies.

(Cr-DE#42:4-6).

B.  Indictment, Pre-trial Proceedings, Conviction, Sentencing, and Direct Appeal

On September 27, 2012, a 4-count Indictment was returned against movant, charging him with four counts of Hobbs Act robbery, which occurred on August 14, 15, 16, and 17, 2012, in violation of 18 U.S.C. §1951. (Cr-DE#1).

On December 20, 2012, movant entered into a negotiated, written plea agreement with the government, agreeing to plead guilty to Count 4 of the Indictment, in exchange for dismissal of the remaining counts after sentencing. (Cr-DE#20:1). Pursuant to the specific terms of the plea agreement, movant acknowledged and understood the sentence would be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements. (Id.). He further acknowledged and understood that the Court would compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a PSI, with the full understanding the Court may depart from the advisory sentencing guideline range computed. (Id.:1-2). Aware of the foregoing, movant acknowledged the Court had the authority to impose any sentence within and up to the statutory maximum authorized by law for the

4

offense for which he was pleading guilty and that he may not withdraw his plea solely as a result of the sentence imposed. (<u>Id.</u>:2).

Moreover, movant understood and acknowledged the Court may impose a term of imprisonment of up to 20 years, followed by a term of supervised release of up to 3 years. (Cr-DE#20:2).

Next, movant also acknowledged that in exchange for the undertakings made by the government as part of the plea agreement, he waived his right to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, except under limited circumstances. (Cr-DE#20:3).

Finally, movant agreed that the plea agreement was the entire agreement and understanding between himself and the government, with no other agreements, promises, representations or understandings. (Cr-DE#20:4).

On the same day, movant appeared before the District Court for a plea colloquy conducted pursuant to Fed.R.Civ.P. 11. (Cr-DE#42). At the time, after movant was given the oath, he agreed with the factual basis proffered by the government stating his involvement in the robberies. (Cr-DE#42:3-6). When asked whether he did in fact commit the offenses set forth by the government, movant responded in the affirmative. (<u>Id.</u>:6). Then, when the Court asked movant how he wished plead as to the August 17, 2012 robbery at Forever Young Boutique, he responded, "[g]uilty, Judge." (<u>Id.</u>).

Next, movant acknowledged having signed the plea agreement after having read it. (Cr-DE#42:7). Movant also understood and acknowledged that by entering into a plea, he was giving up certain constitutional rights, including the right to a trial by jury, to

a trial before a judge, to file a direct appeal, to remain silent, to confront and cross-examine government witnesses, to call witnesses to testify on his behalf, etc. (Id.). Likewise, he understood that by entering into a guilty plea, he also forfeited various civil rights, including the right to vote, to carry a firearm, to hold office, etc. (Id.). He also acknowledged that if he were not a United States citizen, his guilty plea would result in removal or deportation to his home country and that he would be precluded from re-entering the United States. (Id.). Notwithstanding the foregoing, movant nonetheless insisted he wanted to enter a guilty plea. (Id.).

When asked whether he had an opportunity to discuss with counsel any possible defenses, the consequences of his guilty plea and the sentencing guidelines, movant responded in the affirmative. (Cr-DE#42:8). Movant also indicated he was satisfied with counsel's representation and denied needing more time to discuss the proceedings with counsel. (Id.).

Next, when discussing whether movant has ever been to a psychiatrist or a mental institution, he responded in the affirmative and explained he suffered from "mental psychology episodes" ever since 1993, having been in and out of facilities and mental hospitals. (Cr-DE#42:8). Movant further elaborated he suffers from audio command hallucinations and schizophrenia. (Id.). However, when asked whether he understood the proceedings before him, movant responded, "yes." (Id.:8-9). Specifically, he explained he was present before the court for his guilty plea and denied anyone forcing him to plead guilty. (Id.:9). Moreover, movant indicated he took medication twice a day that calms him down. (Id.). Notwithstanding his mental condition and medication, movant understood the proceedings and that he could be sentenced up to 20 years in prison for the robbery committed. (Id.:9-10). He further

acknowledged a period of up to 3 years of supervised release could be imposed, along with a fine of up to $1,000,000.00 and a $100.00 special assessment. (Id.:10). Despite the potential consequences he faced, movant, having admitted he was wrong, acknowledged he still wanted to plead guilty. (Id.).

The Court next reviewed and movant acknowledged that pursuant to the sentencing guidelines, he potentially faced a 15-year sentence. (Cr-DE#42:11). The Court went on to explain that although movant waived his right to appeal pursuant to the plea agreement, if the Court sentenced him to a term higher than the guideline, he can file an appeal. (Id.).

Movant acknowledged that no other promises were made to him, other than the ones already discussed in Court and set forth in the plea agreement. (Cr-DE#42:13). Finally, when asked how he wished to plead to the robbery as set forth in Count 4, movant responded, "[g]uilty, Judge." (Id.).

The Court then accepted movant's plea as freely and voluntarily entered. (Cr-DE#42:13). Finally, the Court found movant was represented by competent counsel, with whom he had expressed satisfaction. (Id.). The Court also found the plea was supported by independent basis in fact. (Id.).

Meanwhile, prior to sentencing, a PSI was prepared which reveals as follows. Pursuant to U.S.S.G. §2B3.1(a), the base offense level was set at 20. (PSI¶15). However, because a threat of death was made, the offense level was increased by two levels. (PSI¶16). Notwithstanding the foregoing, because movant met the prerequisites for enhancement as a career offender, his offense level was increased to 32. (PSI¶21). A three level reduction was then taken from the base offense as a result of movant's timely

7

acceptance of responsibility, resulting in a total adjusted offense level of 29. (PSI¶22-24).

Movant had a total of eight criminal history points and a criminal history category of IV. (PSI¶38). However, because he was categorized as a career offender, his criminal history category was set at VI. (Id.). Based on a total offense level of 29 and a criminal history category of VI, movant's guideline imprisonment range was set at 151 to 188 months. (PSI¶84). The Court further notes the PSI reported movant had no pending charges against him. (PSI¶51).

Prior to sentencing, on February 5, 2013, movant filed objections to the PSI, objecting to the use of a prior Florida conviction to substantiate his career offender enhancement on the basis that it did not qualify as a crime of violence. (Cr-DE#22). In support of his argument, movant argued that sudden snatching of a victim's purse did not constitute a violent offense. (Id.).

Also, on February 21, 2013, movant filed a sentencing memorandum and a motion for downward departure and/or downward variance, seeking a sentence lower than the advisory guideline range. (Cr-DE#26).

On February 26, 2013, movant appeared for sentencing. (Cr-DE#43). In addressing movant's objection to his career offender designation, in line with controlling Eleventh Circuit precedent, the Court determined the prior conviction for purse snatching was a crime of violence. (Id.:4). Then, following argument concerning movant's request for a downward departure/variance, during which defense counsel once again highlighted movant's mental deficiencies and troubled past, the District Court imposed a sentence at the bottom of the guideline range. (Id.:4-20). Specifically, movant was

sentenced to 151 months imprisonment, followed by 3 years of supervised release, $759 in restitution and a $100 special assessment. (Cr-DEs#32,43:20). The Clerk entered judgment on February 27, 2013. (Cr-DE#33). No appeal ensued.

Less than one year after his convictions became final, movant returned to this Court timely filing the instant pro se motion to vacate pursuant to 28 U.S.C. §2255. (Cv-DE#1).

### III. Timeliness

The government rightfully concedes movant's initial 28 U.S.C. §2255 motion was timely filed. (Cv-DE#19:8-9).

However, a *sua sponte* review of the new claim raised in movant's reply to the government's response reveal it is time-barred. The movant had one year from the time his conviction became final on March 13, 2013, 14 days after the judgment was entered, in which to timely raise his claims.[2] Thus, all of his claims must have been filed no later than March 13, 2014. At this juncture, the filing of a new claim on October 14, 2014, is time-barred as it was filed well beyond the one-year federal limitations period, and does not appear to relate back to any of the claims raised in his

_____

[2]Where, as occurred here, a defendant does not pursue a direct appeal, his conviction becomes final when the time for a direct appeal expires. See Adams v. United States, 173 F.3d 1339, 1342 n. 2 (11th Cir.1999). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed.R.App.P. 4(b) (6). On December 1, 2002, Fed.R.App.P. 26 which contains the rules on computing and extending time, was amended so that intermediate weekends and holidays were excluded from the time computation for all pleadings due in less than 11 days. Subsequently, in 2009 the time for filing a direct appeal was increased from 10 to 14 days after the judgment is entered, but it now includes counting intermediate Saturdays, Sundays, and legal holidays in the computation, See Fed.R.App.P. 4 and 26. That 2009 amendment applies here to movant's judgment of conviction and sentence which were entered in 2013.

initial, timely filed motion. See Davenport v. United States,[3] 217 F.3d 1341 (11th Cir. 2000); 28 U.S.C. §2255(f).

When a movant files a timely §2255 motion, and then later files an untimely amendment that raises additional claims, the untimely claims are barred by the statute of limitations unless they "relate back" to the original motion under Fed.R.Civ.P. 15(c). See Davenport, 217 F.3d at 1344; see also, Pruitt v. United States, 274 F.3d 1315 (11th Cir. 2001), citing, United States v. Pittman, 209 F.3d 314 (4th Cir. 2000); United States v. Duffus, 174 F.3d 333 (3rd Cir.), cert. den'd, 528 U.S. 866 (1999); United States v. Craycraft, 167 F.3d 451 (8th Cir. 1999). A claim "relates back" if it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." Fed.R.Civ.P. 15(c)(1)(B).

The United States Supreme Court has cautioned that the "conduct, transaction, or occurrence" language of Rule 15(c) should not be defined "at too high a level of generosity," because doing so would defeat Congress' intent to impose a strict time limit on claims for post-conviction relief. Mayle v. Felix, 545 U.S. 644, 661-62 (2005)(quotation marks omitted). Thus, an amended pleading relates back to an original pleading only if both pleadings "state claims that are tied to a common core of operative facts." Mayle, 545 U.S. at 554. Similarly, the Court has held that "the untimely claims must have arisen from the same set of facts as the timely

---

[3]In Davenport, supra, the Eleventh Circuit held that a claim which was not part of the original timely filed motion to vacate does not relate back to the original claims if the latter claim does not arise out of the same conduct, transaction, or occurrence. Davenport, supra, citing, United States v. Craycraft, 167 F.3d 451, 456-7 (8th Cir. 1999)(out-of-time claim of ineffective assistance of counsel for not filing an appeal did not relate back to timely claims of ineffective assistance of counsel raised in the initial timely-filed §2255 motion); see also, Pruitt v. United States, 274 F.3d 1315, 1318 (11th Cir. 2001).

filed claim, not from separate conduct or a separate occurrence in both time and type." <u>Davenport</u>, 217 F.3d at 1344; (quotation marks omitted). "[W]hile Rule 15(c) contemplates that parties may correct technical deficiencies or expand facts alleged in the original pleading, it does not permit an entirely different transaction to be alleged by amendment." <u>Dean v. United States</u>, 278 F.3d 1218, 1221 (11th Cir. 2002). In this case, the movant has not demonstrated that the new claim arose from the same set of facts as the timely filed claims.

Notwithstanding, the Eleventh Circuit has held that the limitations period may be equitably tolled when a movant's timely filing of a motion to vacate is impeded by extraordinary circumstances beyond his control and unavoidable even with due diligence. <u>See</u> <u>Outler v. United States</u>, 485 F.3d 1273, 1280 (11th Cir. 2007)(<u>quoting</u> <u>Steed v. Head</u>, 219 F.3d 1298, 1300 (11th Cir. 2000); <u>Helton v. Secretary for Dept. of Corrections</u>, 259 F.3d 1310, 1312 (11th Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), <u>cert</u>. <u>denied</u>, ___ U.S. ___, 122 S.Ct. 1965 (2002); <u>Sandvik v. U.S.</u>, 177 F.3d 1269, 1270 (11th Cir. 1999). The movant has not demonstrated extraordinary circumstances beyond his control, nor has he demonstrated due diligence arising from the failure to promptly pursue this claim. <u>See</u> <u>Diaz v. Sec'y for Dep't of Corr.</u>, 362 F.3d 702, n.7 (11th Cir. 2004).

With the passage of the Antiterrorism and Effective Death Penalty Act, litigants must be attentive to the time limitations for filing a motion to vacate, and make diligent efforts to file the motion within one year from the time their convictions become final. <u>United States v. Trenkler</u>, 268 F.3d 16, 24-27 (1st Cir.

2001); <u>United States v. Prescott</u>, 221 F.3d 686, 687-689 (4th Cir. 2000)(pending motion for new trial after finality of direct review does not toll AEDPA's statute of limitations); <u>O'Connor v. United States</u>, 133 F.3d 548 (7th Cir. 1998); <u>Johnson v. United States</u>, 246 F.3d 655 (6th Cir. 2001); <u>United States v. Norris</u>, 2000 WL 521482 (DC Cir. 2000); <u>United States v. Chambers</u>, 126 F.Supp.2d 1052 (E.D. Michigan 2000). The movant has failed to establish that he acted diligently in pursuing the filing of this motion. Therefore, equitable tolling is not available pursuant to §2255 where the movant was aware of the facts underlying the untimely claim at the time his federal sentence became final. See <u>Johnson v. United States</u>, 340 F.3d 1219, 1226 (11th Cir. 2003), <u>aff'd</u>, 544 U.S. 295 (2005). Thus, his new claim could have been made prior to the expiration of the one-year statute of limitations, and not by way of a reply to the government's response. The raising of a new claim in a reply is clearly time-barred. Therefore, no evidentiary hearing is warranted as to this claim, and the new claim should be time-barred.

## IV. <u>Threshold Issue-Procedural Bar</u>

The government rightfully argues that **claims two and three** raised in movant's motion are procedurally barred from consideration in this §2255 proceeding.

**Claims two and three,** could have been, but were not raised on direct appeal. Ordinarily, a motion to vacate under §2255 is not a substitute for a direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. <u>Massaro v. United States</u>, 538 U.S. 500 (2003). <u>See also United States v. Frady</u>, 456 U.S. 152 (1982); <u>Lynn v. United States</u>, 365 F.3d 1225, 1234-35 (11th Cir. 2004); <u>Greene v. United States</u>, 880 F.2d 1299,

1305 (11th Cir. 1989). There are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal. <u>Belford v. United States</u>, 975 F.2d 310 (7th Cir. 1992), <u>overruled on other grounds by</u> <u>Castellanos v. United States</u>, 26 F.3d 717 (7th Cir. 1994).

Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a §2255 motion unless the movant establishes (1) cause for not raising the ground on direct appeal and actual prejudice resulting from the alleged error, or (2) actual innocence. <u>Lynn</u>, 365 F.3d at 1234; <u>Bousley v. United States</u>, 523 U.S. 614, 622-3 (1998) <u>Greene v. United States</u>, 880 F.2d 1299, 1305 (11th Cir. 1989). <u>See also</u> <u>Jones v. United States</u>, 153 F.3d 1305 (11th Cir. 1998)(finding that cause and prejudice was not available to movant as a means of avoiding procedural default, but recognizing that actual innocence might still be a viable option); <u>Campino v. United States</u>, 968 F.2d 187, 189-90 (2d Cir. 1992)("[A] procedural default of even a constitutional issue will bar review under Section 2255, unless the petitioner can meet the 'cause and prejudice' test").

In order to establish cause for failure to raise these claims on direct appeal the movant must establish that "some objective factor external to the defense" precluded him from raising the claim on direct appeal and that this factor was not attributable to the movant. <u>Id.</u> at 1235. The movant has not established the cause for failure to raise these claims were due to any objective factor.

The issues he raises herein were available to be raised on direct appeal. The movant's failure to raise these claims on direct

appeal leave these claims procedurally barred from collateral review and therefore, should be denied. Because movant fails to show both cause and prejudice resulting from his failure to raise the foregoing claims on direct appeal, these claims warrant summary dismissal. <u>Garland v. United States</u>, 837 F.2d 1563 (11th Cir. 1988) (Summary dismissal is warranted where the movant fails to establish both cause and prejudice for his failure to raise a claim on direct appeal that is raised for the first time in a Section 2255 motion).

Moreover, movant's waiver of the right to assert these claims on direct appeal pursuant to the sentence-appeal waiver provision of the plea agreement is not cause for excusing movant's procedural default. <u>Garcia-Santos v. United States</u>, 273 F.3d 506, 508 (2d Cir. 2001); <u>United States v. Pipitone</u>, 67 F.3d 34 (2d Cir. 1995); <u>Ware v. United States</u>, 2009 WL 2567023 (S.D. Fla. 2009). Therefore, movant is procedurally barred from raising these claims in his Section 2255 motion.

## V.   <u>Standard of Review</u>

Pursuant to 28 U.S.C. §2255, a prisoner in federal custody may move the court which imposed sentence to vacate, set aside or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. §2255. If a court finds a claim under Section 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." <u>Id.</u> To obtain this relief on collateral review, however, a petitioner must "clear a significantly higher hurdle than would exist on direct appeal." <u>United States v. Frady</u>, 456 U.S. 152, 166, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)(rejecting the plain error standard as not sufficiently deferential to a final

14

judgment).

Under Section 2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Schriro v. Landrigan, 550 U.S. 465, 474, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). See also Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002)(explaining that no evidentiary hearing is needed when a petitioner's claims are "affirmatively contradicted by the record" or "patently frivolous").

It should further be noted that the party challenging the sentence has the burden of showing that it is unreasonable in light of the record and the §3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). The Eleventh Circuit recognizes "that there is a range of reasonable sentences from which the district court may choose," and ordinarily expect a sentence within the defendant's advisory guideline range to be reasonable. Id.

A. Guilty Plea Principles

It is well settled that before a trial judge can accept a guilty plea, the defendant must be advised of the various constitutional rights that he is waiving by entering such a plea. Boykin v. Alabama, 395 U.S. 238, 243 (1969). Since a guilty plea is a waiver of substantial constitutional rights, it must be a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. Brady v. United States, 397 U.S. 742, 748 (1970). See also United States v. Ruiz, 536 U.S. 622, 629 (2002); Hill v. Lockhart, 474 U.S. 52, 56 (1985); Henderson v. Morgan, 426

U.S. 637, 645 n. 13 (1976).

After a criminal defendant has pleaded guilty, he may not raise claims relating to the alleged deprivation of constitutional rights occurring prior to the entry of the guilty plea, but may only raise jurisdictional issues, United States v. Patti, 337 F.3d 1317, 1320 (11th Cir. 2003), cert. den'd, 540 U.S. 1149 (2004), attack the voluntary and knowing character of the guilty plea, Tollett v. Henderson, 411 U.S. 258, 267 (1973); Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992), or challenge the constitutional effectiveness of the assistance he received from his attorney in deciding to plead guilty, United States v. Fairchild, 803 F.2d 1121, 1123 (11th Cir. 1986). To determine that a guilty plea is knowing and voluntary, a district court must comply with Rule 11 and address its three core concerns: "ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." Id. See United States v. Frye, 402 F.3d 1123, 1127 (11th Cir. 2005)(per curiam); United States v. Moriarty, 429 F.3d 1012 (11th Cir. 2005).[4]

In other words, a voluntary and intelligent plea of guilty made by an accused person who has been advised by competent counsel may not be collaterally attacked. Mabry v. Johnson, 467 U.S. 504, 508 (1984). A guilty plea must therefore stand unless induced by

---

[4]In Moriarty, the Eleventh Circuit specifically held as follows:

> [t]o ensure compliance with the third core concern, Rule 11(b)(1) provides a list of rights and other relevant matters about which the court is required to inform the defendant prior to accepting a guilty plea, including: the right to plead not guilty (or persist in such a plea) and to be represented by counsel; the possibility of forfeiture; the court's authority to order restitution and its obligation to apply the Guidelines; and the Government's right, in a prosecution for perjury, to use against the defendant any statement that he gives under oath.

Id.

16

misrepresentations made to the accused person by the court, prosecutor, or his own counsel. Mabry, 467 U.S. at 509, quoting, Brady v. United States, 397 U.S. at 748. If a guilty plea is induced through threats, misrepresentations, or improper promises, the defendant cannot be said to have been fully apprised of the consequences of the guilty plea and may then challenge the guilty plea under the Due Process Clause. Mabry, 467 U.S. at 509. See also Santobello v. New York, 404 U.S. 257 (1971).

B. Ineffective Assistance of Counsel Principles

Because the movant asserts in his petition that counsel rendered ineffective assistance, this Court's analysis begins with the familiar rule that the Sixth Amendment affords a criminal defendant the right to "the Assistance of Counsel for his defense." U.S. CONST. amend. VI. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both (1) that his counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). In assessing whether a particular counsel's performance was constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. Id. at 689. This two-part standard is also applicable to ineffective-assistance-of-counsel claims arising out of a guilty plea. Hill v. Lockhart, 474 U.S. 52, 57-59 (1985).

Generally, a court first determines whether counsel's performance fell below an objective standard of reasonableness, and then determines whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Padilla v. Kentucky, ___ U.S. ___, ___, 130 S.Ct. 1473, 1482, 176 L.Ed.2d 284 (2010). In the context of a guilty plea, the first prong of Strickland requires petitioner to show his plea was not voluntary because he received advice from

17

counsel that was not within the range of competence demanded of attorneys in criminal cases, while the second prong requires petitioner to show a reasonable probability that, but for counsel's errors, he would have entered a different plea. <u>Hill</u>, 474 U.S. at 56-59. If the petitioner cannot meet one of <u>Strickland</u>'s prongs, the court does not need to address the other prong. <u>Dingle v. Sec'y for Dep't of Corr.</u>, 480 F.3d 1092, 1100 (11th Cir. 2007); <u>Holladay v. Haley</u>, 209 F.3d 1243, 1248 (11th Cir. 2000).

However, a defendant's sworn answers during a plea colloquy must mean something. Consequently, a defendant's sworn representations, as well as representation of his lawyer and the prosecutor, and any findings by the judge in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74 (1977). <u>See also</u> <u>Kelley v. Alabama</u>, 636 F.2d 1082, 1084 (5th Cir. Unit B. 1981); <u>United States v. Medlock</u>, 12 F.3d 185, 187 (11th Cir. 1997). Moreover, a criminal defendant is bound by his sworn assertions and cannot rely on representations of counsel which are contrary to the advice given by the judge. <u>See</u> <u>Scheele v. State</u>, 953 So.2d 782, 785 (Fla. 4th DCA 2007)("A plea conference is not a meaningless charade to be manipulated willy-nilly after the fact; it is a formal ceremony, under oath, memorializing a crossroads in the case. What is said and done at a plea conference carries consequences."); <u>Iacono v. State</u>, 930 So.2d 829 (Fla. 4th DCA 2006)(holding that defendant is bound by his sworn answers during the plea colloquy and may not later assert that he committed perjury during the colloquy because his attorney told him to lie); <u>United States v. Rogers</u>, 848 F.2d 166, 168 (11th Cir. 1988)("[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false.").

As will be demonstrated in more detail <u>infra</u>, the movant is not entitled to vacatur on the argument presented. When viewing the evidence in this case in its entirety, the alleged error raised in

18

this collateral proceeding did not infuse the proceedings with unfairness as to deny the petitioner due process of law. The petitioner therefore is not entitled to habeas corpus relief. <u>See</u> <u>Fuller v. Roe</u>, 182 F.3d 699, 704 (9th Cir. 1999)(holding in federal habeas corpus proceeding that where there is no single constitutional error existing, nothing can accumulate to the level of a constitutional violation), <u>overruled on other grounds</u>, <u>Slack v. McDaniel</u>, 529 U.S. 473, 482 (2000). <u>See also</u> <u>United States v. Rivera</u>, 900 F.2d 1462, 1470 (10th Cir. 1990)(stating that "a cumulative-error analysis aggregates only actual errors to determine their cumulative effect."). Contrary to the petitioner's apparent assertions, the result of the proceedings were not fundamentally unfair or unreliable. <u>See</u> <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 369-70 (1993).

## VI.   <u>Discussion</u>

In **claim one**, movant asserts he was denied effective assistance of counsel when his attorney provided him false information to induce movant to plead guilty. (Cv-DEs#1:3,23:4-5). In support of this claim, movant explains he was arrested by Miami-Dade Police Department for strong armed robbery. (<u>Id.</u>). While waiting for the disposition of the foregoing charge, he was transferred to federal custody to face federal criminal charges for Hobbs Act robbery. (<u>Id.</u>). While in federal detention, his attorney allegedly informed movant that his state charge had been dismissed. (<u>Id.</u>). Based on the foregoing advice, movant plead guilty in the underlying federal criminal case, to only learn later that counsel had lied to him regarding said dismissal. (<u>Id.</u>). Following the conclusion of his federal proceedings, movant was returned to state custody to face the pending state charge. (<u>Id.</u>).

Even if we assume, without deciding, that counsel was deficient as suggested, movant has nonetheless failed to demonstrate he suffered any prejudice as a result therefrom.

Despite his vague and conclusory allegations to the contrary, movant has shown no reasonable probability that, at the time of his plea, he would have insisted on proceeding to trial in the absence of the alleged erroneous advice of counsel. Moreover, it cannot be overlooked that the entry of the guilty plea was clearly in movant's best interest. Because of the plea negotiated by counsel, the government dismissed three counts of the indictment, and movant benefitted from a three-level reduction for acceptance of responsibility. Had movant proceeded to trial, his exposure upon conviction was significantly greater. He also may not have been eligible for a reduction in his guideline range based on acceptance of responsibility. He thus reaped substantial benefits from the plea.

Also, movant has failed to explain how knowing whether his state court charge was dismissed affected his decision to plead guilty in his separate federal case. There is no showing whatsoever from the record that his subsequent decision in state court affected his criminal history, length of detention, subjected him to enhancements, etc., in his federal conviction.

Based on the record before this Court, movant cannot show a reasonable probability that, but counsel's alleged error, he would not have pled guilty, but would have proceeded to trial. <u>Hill</u>, 474 U.S. at 56-59.[5]

### VII.   <u>Evidentiary Hearing</u>

To the extent movant requests an evidentiary hearing, it should be denied. The movant has the burden of establishing the

---

[5]To the extent movant is attempting to challenge his state court conviction and/or sentence, Title 28 U.S.C. §2254 affords relief to a petitioner who is "'in custody pursuant to the judgment of a state court.'" <u>Dickerson v. State of Louisiana</u>, 816 F.2d 220, 224 (5th Cir. 1987)(<u>quoting</u> 28 U.S.C. §2254(a) and (b)). Accordingly, any such claim should be raised in a Section 2254 petition, subject to limitations and procedural requirements.

need for an evidentiary hearing, and he would only be entitled to a hearing if his allegations, if proved, would establish his right to collateral relief. See Townsend v. Sain, 372 U.S. 293, 307 (1963). A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations or affirmatively contradicted by the record. See Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989), citing, Guerra v. United States, 588 F.2d 519, 520-21 (5th Cir. 1979). As discussed in this Report, the claim raised is unsupported by the record or without merit. No evidentiary hearing is required.

## VIII.   Certificate of Appealability

As amended effective December 1, 2009, §2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts. A §2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §2253(c)." See Fed.R.App.P. 22(b)(1). Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability. See 28 U.S.C. §2255 Rule 11(b).

However, "[A] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. §2253(c)(2). To make a substantial showing of the denial of a constitutional right, a §2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."

<u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-37 (2003) (citations and quotation marks omitted); <u>see also</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Eagle v. Linahan</u>, 279 F.3d 926, 935 (11th Cir. 2001). After review of the record in this case, the Court finds the movant has not demonstrated that he has been denied a constitutional right or that the issue is reasonably debatable. <u>See</u> <u>Slack</u>, 529 U.S. at 485; <u>Edwards v. United States</u>, 114 F.3d 1083, 1084 (11th Cir. 1997). Consequently, issuance of a certificate of appealability is not warranted and should be denied in this case. Notwithstanding, if movant does not agree, he may bring this argument to the attention of the district judge in objections.

## IX. <u>Conclusion</u>

It is therefore recommended that this motion to vacate be denied; that a certificate of appealability be denied; and, the case closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 1st day of April, 2015.


_____
UNITED STATES MAGISTRATE JUDGE

cc:  Horace Cook, <u>Pro Se</u>
     DOC# 301369
     Jefferson Correctional Institution
     Inmate Mail/parcels
     1050 Big Joe Road
     Monticello, FL 32344

     Michael Brian Nadler, AUSA
     United States Attorney's Office
     99 NE 4th Street
     Miami, FL 33132

22